## Childers v. Lucas.

Feb. 5, 1946.

764

P. B. Stratton for appellant.

F. M. Burke for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming.

R. M. Lucas and Mrs. Mary Childers entered into a contract under which Mr. Lucas was to sell several pieces of property in Pikeville for Mrs. Childers at public auction. The contract provided that Mrs. Childers was to defray the expenses in the amount of $250; that Mr. Lucas was to receive a commission of 10 per cent; and that each piece of property should be knocked off to the highest bidder. Apparently, the sale did not go off as well as was expected, because bids were offered on only two pieces of the property. After the sale was over, Mrs. Childers gave Mr. Lucas a check for $100, but refused to pay him any commission because the property did not bring as much as she said Mr. Lucas had guaranteed. Her position is that the $100 payment constituted a settlement in full with Mr. Lucas.

When Mr. Lucas filed this action for his commission in the amount of $501 Mrs. Childers defended on the ground that the contract should have contained amounts which she said Mr. Lucas guaranteed the properties would bring, and, therefore, sought to have the contract reformed. She asserted also that no sales were actually consummated. The testimony of Mr. Lucas shows that when Mrs. Childers asked that minimum prices be guaranteed for each piece of property he expressly refused to enter any such agreement, and that two pieces of the property were actually sold; one of them for the sum of $4,510 and the other for $500. Mrs. Childers said Mr. Lucas had guaranteed that the first piece of property would bring as much as $6,000, and the other would bring as much as $1,500. She said also that no sale of either piece of property was actually consummated. Her husband and other witnesses testified in support of her theory of the case. On the other hand, Mr. Lucas, some of his representatives and others,

testified that the two pieces of property were actually sold, and that when he called upon Mrs. Childers to execute the deeds she refused to do so unless the buyers would agree to raise the sale prices.

Mrs. Childers' proof fell far short of that character of proof necessary to reform a written instrument in the absence of fraud or mistake. Previous negotiations between contracting parties are presumed to be abandoned or incorporated in the written instrument. Hudson v. Howell, 288 Ky. 422, 156 S. W. 2d 477. The contract was written in simple terms, and the record shows that Mrs. Childers had ample opportunity to study it.

The chancellor entered judgment for Mr. Lucas in the amount of $501. Since we entertain no more than a doubt as to the correctness of his ruling, the judgment is affirmed.